MEMORANDUM *
1.The structural conflict of interest present in this case is entitled to little weight because there’s no evidence of malice, self-dealing, a suspect claims-granting history, inadequate investigation of a claim or failure to credit a claimant’s reliable evidence. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 968-69 (9th Cir.2006) (en banc).
2. The Pension Plan administrator didn’t abuse its discretion in denying Reinking’s application for benefits. See Conkright v. Frommert, 559 U.S. 506, 130 S.Ct. 1640, 1646, 176 L.Ed.2d 469 (2010); Gatti v. Reliance Standard Life Ins. Co., 415 F.3d 978, 981 (9th Cir.2005). The Pension Plan’s definition of “Employee” as “any person engaged in rendering personal services to the Employer for earnings considered wages under Section 3121(a) of the [Internal Revenue] Code” can reasonably be read to refer only to those employees on Alyeska’s payroll. The plan administrator’s decision to adopt such an interpretation doesn’t violate ERISA’s anti-cutback provision, see 29 U.S.C. § 1054(g), as the later amendments to the plan can reasonably be read as clarifications of the earlier language.
3. The Separation Plan administrator also didn’t abuse its discretion in denying Reinking benefits. The plan explicitly distinguishes “regular” employees from “non-Alyeska contract personnel.” Because Reinking was formally employed by a series of third-party staffing firms, not Alyes-ka, a plan administrator could reasonably conclude that he falls into the latter category.
The district court shall enter summary judgment for defendants.
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.